# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| LONNIE WHATLEY, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
|  | : |  |
| v. | : | CRIMINAL INDICTMENT NO. |
|  | : | 1:08-CR-0235-CC-JFK-1 |
| UNITED STATES OF AMERICA, | : |  |
| Respondent. | : | CIVIL FILE NO. |
|  | : | 1:14-CV-3381-CC-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number [Doc. No. 176]; Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") that recommends denying the § 2255 motion and denying a certificate of appealability ("COA") [Doc. No. 199]; and Movant's response/objections [Doc. No. 203].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general

objections need not be considered by the district court." <u>United States v. Schultz</u>, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted); <u>Sullivan v. Schiro</u>, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *2 (D. Ariz. May 30, 2006) ("Petitioner in this case has made only a general objection. . . . [H]e never specifies why the R & R is in error."). A party must "pinpoint the specific findings that the party disagrees with." <u>Schultz</u>, 565 F.3d at 1360.

Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). "[T]he district court has broad discretion in reviewing a magistrate judge's report and recommendation" – it "does not abuse its discretion by considering an argument that was not presented to the magistrate judge" and "has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1290-92 (11th Cir. 2009).

2

I.   **Discussion**

The grand jury for the Northern District of Georgia indicted Movant on four counts of bank robbery – (1) the June 24, 2003 robbery of a South Trust Bank branch in Carrollton, Georgia, Count One; (2) the April 23, 2004 robbery of a Wachovia Bank branch in Hiram, Georgia, Count Three; (3) the July 5, 2005 robbery of a SunTrust Bank branch in Woodstock, Georgia, Count Five; and (4) the October 18, 2006 robbery of a Wachovia Bank branch at 6300 Arbor Place Boulevard in Douglasville, Georgia, Count Seven – and on four counts of using a firearm in connection with a bank robbery, Counts Two, Four, Six, and Eight. (Indictment, Doc. No. 1.) Movant pleaded not guilty and proceeded to trial, represented by Mildred Dunn and Colin Garrett. (See Doc. Nos. 6, 96.) The jury found Movant guilty of the bank robbery crimes and not guilty of the firearm crimes. (Jury Verdict, Doc. No. 116.) The Court imposed a total 318-month term of imprisonment, which was based in part on a four-level enhancement for the abduction of bank employees. (J., Doc. No. 149); see United States v. Whatley, 719 F.3d 1206, 1221 (11th Cir.), cert. denied, _ U.S. _, 134 S. Ct. 453 (2013).

Movant appealed, raising four issues: (1) the bank employees' in-court identifications violated due process, (2) the court erred in allowing evidence of an

3

attempted robbery, (3) the court erred in denying a new trial based on the jury's exposure to extrinsic evidence, and (4) the court erred in applying a four-level enhancement based on a finding of abduction. See id. at 1208. The Eleventh Circuit Court of Appeals affirmed Movant's convictions but remanded with instructions to apply the lesser two-level enhancement for physical restraint instead of the four-level enhancement for abduction. Id. at 1223. On August 21, 2013, the Court entered an amended judgment, imposing a total 256-month term of imprisonment. (Am. J., Doc. No. 174.)

In his 28 U.S.C. § 2255 motion, Movant raises fifteen grounds for relief:

1. The prosecutor committed misconduct in knowingly allowing government eyewitnesses to testify untruthfully.

2. The prosecutor committed misconduct in exposing the jury to Petitioner's criminal history, thereby depriving Petitioner of his right to testify.

3. The prosecutor committed misconduct by withholding exculpatory evidence found at the crime scene.

4. The prosecutor committed misconduct in presenting Stephen Robert Cross's testimony.

5. The prosecutor committed misconduct in vouching for government witnesses and evidence.

6. Defense counsel was ineffective during critical stages of the proceedings.

AO 72A
(Rev.8/82)

7.   Defense counsel was ineffective in failing to properly prepare for cross-examination of government witnesses.

8.   The prosecutor committed misconduct in regard to key witness Joe Fonseca.

9.   Defense counsel was ineffective in failing to properly challenge the in-court identification of Movant.

10.   Defense counsel was ineffective for failing to seek acquittal under Fed. R. Crim. P. 29.

11.   The prosecutor committed misconduct before the grand jury.

12.   The court erred in resentencing Movant on remand.

13.   Appellate counsel was ineffective for failing to argue that the trial court abused its discretion in allowing government exhibit number 126.

14.   Appellate counsel was ineffective for failing to argue that the trial court abused its discretion in allowing government exhibit numbers 153-163.

15.   Appellate counsel was ineffective for failing to invoke 18 U.S.C. § 3742 and Fed. R. Crim. P. 43 on remand for resentencing.

(Mot. to Vacate, Grounds One through Fifteen, Doc. No. 176.)

The Magistrate Judge recommends (1) that Grounds One through Five, Eight, and Eleven, alleging prosecutorial misconduct, are procedurally defaulted and that Movant has not overcome his default; (2) that Grounds Six, Seven, Nine, and Ten, alleging ineffective assistance of trial counsel, fail; (3) that Ground Twelve, alleging a due process violation at re-sentencing, is procedurally defaulted and that Movant has

5

not overcome his default; and (4) that Grounds Thirteen through Fifteen, alleging ineffective assistance of appellate counsel, also fail.  (R&R at 6-32, Doc. No. 199.)

Movant objects.  (Mov't Resp./Objections, Doc. No. 203.)  Movant raises no objections on Grounds Six and Twelve, and, although Movant objects on Grounds One, Four, Five, Nine, and Thirteen through Fifteen, he does so either without specifying why the R&R is in error or by raising a very general objection that does not point to any error in the Magistrate Judge's reasoning.  (Id. ¶¶ III.A., III.D., III. E., IV.2., V.A., V.B., V.C.)  The Court has reviewed those grounds and finds no error in the Magistrate Judge's analysis and recommendation.  Otherwise, Movant objects on Grounds Two, Three, Eight, and Eleven, alleging prosecutorial misconduct, and on Grounds Seven and Ten, alleging ineffective assistance of trial counsel, and those objections are addressed below.

## A.      Prosecutorial Misconduct

### 1.      Ground Two – Prosecutorial Misconduct, Movant's Criminal History

During deliberations, the jury improperly learned that Movant previously had been charged with being a convicted felon in possession of a firearm and with theft by receiving stolen property.  (See R&R at 11.)  The Court declined granting a new trial based on the jury's exposure to the above extrinsic evidence.  (Id. at 12.)

6

On direct appeal, Movant argued that the district court abused its discretion in denying a new trial. See Whatley, 719 F.3d at 1208. The Eleventh Circuit Court of Appeals disagreed. Id. at 1220-21. Specifically, the Eleventh Circuit found that although the extrinsic evidence contained prejudicial information about Movant's criminal history, the exposure was harmless because (1) the extrinsic evidence reached the jury "through inadvertence attributable to both the United States and [Movant]," (2) "the district court conducted a thorough examination of the jurors and found that the exhibit did not affect the outcome of their deliberations," and (3) the properly admitted evidence was overwhelming on the sole count that could have been affected by the extrinsic evidence. Id.

In his § 2255 motion, Movant asserted prosecutorial misconduct for exposing the jury to his criminal history. (See R&R at 12.) The Magistrate Judge found that Movant procedurally defaulted his prosecutorial misconduct claim, that he had not attempted to overcome his default, that his arguments did not support an ineffective assistance of appellate counsel claim to overcome his default,[1] and that Ground Two

---

[1]"Constitutionally ineffective assistance of counsel can constitute cause" to overcome a procedural default. Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013) (quoting Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 743 (2014). To establish cause based on ineffective assistance of appellate counsel, a movant must demonstrate deficient performance by counsel and demonstrate that, if counsel had not

was foreclosed. (Id. at 13.) Movant objects – apparently to the statement that he had not attempted to overcome his default – and asserts that the reason for his default was ineffective assistance of appellate counsel and that he was prejudiced.   (Mov't Resp./Objections ¶ III.B.)

The Court agrees with the Magistrate Judge that this ground is defaulted and that Movant has not overcome his default.  The Eleventh Circuit Court of Appeals has already determined that the jury's exposure to the extrinsic evidence was inadvertent and harmless.  See Smith v. Phillips, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial . . . .").  Had appellate counsel asserted prosecutorial misconduct on appeal, there is no reasonable probability that it would have succeeded.  See Brown, 720 F.3d at 1333; Philmore, 575 F.3d at 1274.

### 2.      Ground Three – Prosecutorial Misconduct, Loss of Index Card

Investigator Sammy Hines Goble testified at trial that he received as evidence an index card with a finger print, which was related to the investigation of one of the

---

performed deficiently, there is a reasonable probability that the appellate outcome would have been favorable to the movant.  See Philmore v. McNeil, 575 F.3d 1251, 1274 (11th Cir. 2009).

robberies; that he lost the card during an office move; and that it was never sent in to the Georgia Bureau of Investigations to be tested.  (See R&R at 13-14.)

In his § 2255 motion, Movant asserted a claim of prosecutorial misconduct under Brady v. Maryland, 373 U.S. 83 (1963), based on the loss of the index card, which he asserts was favorable evidence that could have exonerated him.  (See R&R at 14.)  The Magistrate Judge found that Movant procedurally defaulted the claim, that he had not attempted to overcome his default, that his arguments did not support an ineffective assistance of appellate counsel claim to overcome his default, and that Ground Three was foreclosed.  (Id. at 114-15 (citing, inter alia, United States v. Erickson, 561 F.3d 1150, 1163 (10th Cir. 2009) ("A Brady claim fails if the existence of favorable evidence is merely suspected.")).  Movant objects that clearly the index card would have shown his innocence.  (Mov't Resp./Objections ¶ III.C.)

The Court agrees with the Magistrate Judge that this ground is defaulted and that Movant has not overcome his default.  Movant's speculation is insufficient to show that the index card was favorable to Movant.  Further, because the loss of the card during an office move does not show bad faith, there is no viable due process claim based on the destruction of evidence that appellate counsel reasonably should have raised.  Grayson v. King, 460 F.3d 1328, 1338 n.6 (11th Cir. 2006) ("The

Supreme Court held that 'unless a criminal defendant can show bad faith of the police, failure to preserve potentially useful evidence does not constitute denial of due process.'" (quoting Arizona v. Youngblood, 488 U.S. 51, 57 (1988))).  Had appellate counsel asserted on appeal a claim of prosecutorial misconduct based on the loss of the index card, there is no reasonable probability that it would have succeeded.  See Brown, 720 F.3d at 1333; Philmore, 575 F.3d at 1274.

### 3.    Ground Eight – Prosecutorial Misconduct, Joe Fonseca's Testimony

Ground Eight involves the robbery in Count Seven.  The Eleventh Circuit Court of Appeals summarized the facts as follows --

> [O]n October 18, 2006, [Movant] entered the Wachovia Bank in Douglasville, Georgia, at about 4:10 p.m., less than an hour before the 5:00 p.m. closing time. [Movant] wore a light-colored shirt, jeans, a baseball hat, and boots.  He approached the manager, Sheri Wylie, and asked for assistance in converting his money market account into a checking account and obtaining a loan. She asked him to wait, and Corey Hackett, a financial specialist, came out to assist [Movant] about 10 minutes later. When Hackett and [Movant] went into Hackett's office, [Movant] handed him a long handwritten note, the first sentence of which said, "This is a robbery, keep your hands on the table." [Movant] then asked Hackett a series of questions about the vault, the cameras, the exits, and whether there was a shade to pull down by the drive-through window. [Movant] instructed him not to look at his face. [Movant] sat in Hackett's office for 30 minutes, until all of the customers had left.
>
> At closing time, [Movant] instructed Hackett to get Wylie. When Wylie arrived in the office, [Movant] had put on latex gloves. He displayed a

10

firearm tucked into the waistband of his pants and told her, "If you value the lives of your employees and your life, you'll do everything I say." They proceeded to the main area of the bank and [Movant] jumped on top of the teller counter and drew his firearm. The firearm was described as an all-black handgun that resembled a nine millimeter. He ordered the tellers to come from around the counter, and he pointed the gun at the head of one of the tellers and said, "You pushed the F'ing button, didn't you? Tell me the truth, you pushed the F'ing button, didn't you?" The teller became hysterical and insisted that she had not pushed the button. Hackett asked [Movant] whether he was going to kill them all. [Movant] replied that, if everything went his way, everyone would be fine, but if anything went wrong, he would kill everyone in the bank including himself. [Movant] pulled down the shade over the drive-through window and ordered everyone to the floor as the police made a routine drive-by of the bank.   After the police car passed the bank, [Movant] began to load money from the teller drawers into a white trash bag.   After he had emptied the drawers, [Movant] instructed the employees to move to the vault. When the head teller struggled to open the vault, [Movant] cocked the gun, put it to her head, and told her that she "better stop F'ing with [him], [she] better open the vault." Another teller opened the vault, and [Movant] pulled out a blue canvas gym bag from his pants and loaded it with money from the vault.   At some point, he told the employees that he did not want "any funny money with dye packs or anything like that." When [Movant] had taken all of the cash, he escorted the employees to the other side of the bank to retrieve the surveillance videotapes and then took the employees back to the vault area. He instructed the employees to get on their knees and not to look at him. He then shut the door of the vault and left. [Movant] exited the bank at about 5:15 p.m. with $437,302.

Whatley, 719 F.3d at 1210-11 (alterations other than "[Movant]" in original).  "Four

witnesses from the October 18, 2006, robbery identified [Movant] in court."  Id. at

1212.

11

Federal Bureau of Investigations (FBI) special agent Fonseca testified at trial that he was aware of no fingerprint or forensic evidence recovered from the October 18, 2006, robbery at the Wachovia Bank branch at 6300 Arbor Place Boulevard in Douglasville, Georgia (Count Seven).  (See R&R at 19.)

In his § 2255 motion, Movant asserted a claim of prosecutorial misconduct under Napue,[2] Giglio,[3] and Brady,[4] for allowing Fonseca to testify falsely, i.e., inconsistently with a police report that was not turned over to the defense.  (R&R at

---

[2] Napue v. People of State of Ill., 360 U.S. 264. 269-72 (1959) (holding that the government's knowing use of uncorrected false testimony, which may have had an effect on the outcome of the trial, violates due process).  "To establish prosecutorial misconduct for the use of false testimony, a defendant must show the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material."  United States v. McNair, 605 F.3d 1152, 1208 (11th Cir. 2010).

[3] Giglio v. United States, 405 U.S. 150, 154 (1972).  "To establish a Giglio claim, a habeas petitioner must prove: (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material, i.e., that there is any reasonable likelihood that the false testimony could have affected the judgment."  Trepal v. Sec'y, Fla. Dep't of Corr., 684 F.3d 1088, 1107-08 (11th Cir. 2012) (quoting Guzman v. Sec'y, Dep't of Corr., 663 F.3d 1336, 1348 (11th Cir. 2011)) (internal quotation marks omitted), cert. denied, _ U.S. _, 133 S. Ct. 1598 (2013).

[4] To establish a Brady claim, the petitioner must "prove that: (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material."  Davis v. Terry, 465 F.3d 1249, 1254 (11th Cir. 2006).

12

19.)  In support, Movant provided a copy of a Douglasville Police Department report, by Reporting Officer Amy Belcher, which states, "ARDIS 347 ADV to check and see if anyone had chedk the lot behind the bank to the s side of Logans no one responded to his query ARDIS 347 ADV he has found footprints that match the ones inside the Bank in this lot[.]"  (See Mov't Ex. 5, Doc. No. 176-7.)  The police report involved a robbery on October 18, 2006, of a Wachovia Bank branch on Chapel Hill Road in Douglasville.  (Id.)  Movant asserted that he only learned of the report at his 2012 Douglas County trial.  (See R&R 19.)

The Magistrate Judge found that Ground Eight was procedurally defaulted, that the time of discovery of the report in 2012 did not provide cause for failing to raise the issue in his direct appeal (decided June 3, 2013), that Movant's arguments did not support a claim of ineffective assistance of appellate counsel to overcome his default, and that Movant did not otherwise overcome his default.  (Id. at 20.)  The Magistrate Judge observed that "[t]he report – which refers to footprints, which was prepared by someone other than Fonseca, and which indicates a different bank address than the bank address in Count Seven – is insufficient to support a viable claim of false testimony by Fonseca that appellate counsel should have raised on direct appeal."  (Id.)

13

Movant objects (1) that the R&R only refutes a <u>Brady</u> violation and does not address a <u>Napue</u> or <u>Giglio</u> violation for allowing Fonseca to testify falsely, (2) that the banks at issue were the same banks (citing government exhibits forty-five and forty-six),[5] and (3) that he could not raise the issue on direct appeal because he only learned about the police report a few days before his trial in his 2012 Douglas County case number 12cr622.  (Mov't Resp./Objections ¶ III.F.)

The Court agrees with the Magistrate Judge that Ground Eight was procedurally defaulted.  Even if Movant did not learn of the report until October 2012,[6] he fails to show why he could not have raised the issue in his direct appeal, which was pending until June 3, 2013.  Additionally, Movant has not overcome his default by showing a viable claim regarding false testimony that reasonably may have succeeded on appeal. Under <u>Brady</u>, there is no indication that Movant, with reasonable diligence, could not have obtained the report from the Douglas County Police Department or that the alleged footprint evidence was favorable to Movant.  Further, four witnesses for the Count Seven robbery identified Movant as the robber, and Movant does not show how

---

[5]Government exhibits forty-five and forty-six show that the Wachovia Bank branch at 6300 Arbor Place Boulevard in Douglasville is bordered by Chapel Hill Road on one side.  The exhibits are attached at the conclusion of this Order.

[6]The docket for Movant's Douglas County case, 12cr622 shows that his jury trial began on October 29, 2012.

14

the footprint "evidence was material – that is, how there is a reasonable probability that the outcome would have been different if" the existence of matching footprints inside the bank and in the lot behind the bank had been disclosed. Grossman v. McDonough, 466 F.3d 1325, 1342 and n.14 (11th Cir. 2006) (examining Brady/Giglio claim).

The Magistrate Judge adequately addressed Napue and Giglio when she determined that the report was insufficient to support a viable showing that Fonseca testified falsely when he stated that he was unaware of any forensic evidence pertaining to the Count Seven robbery. Even though the report appears to refer to the same bank as involved in Count Seven, the report on its face provides no reason to conclude that Fonseca was aware of the report or was testifying falsely or that the government knew that he was testifying falsely in regard to his awareness of forensic evidence. Had appellate counsel asserted on appeal a claim of prosecutorial misconduct based on Fonseca's testimony, the report, and exhibits forty-five and forty-six, there is no reasonable probability that it would have succeeded. See Brown, 720 F.3d at 1333; Philmore, 575 F.3d at 1274.

### 4.    **Ground Eleven - Prosecutorial Misconduct, the Grand Jury**

In his § 2255 motion, Movant asserted a claim of prosecutorial misconduct before the grand jury and admitted he could not support the claim unless the Court

15

gave him access to the grand jury transcripts.  (See R&R at 20-21.)  The Magistrate Judge found that Movant had procedurally defaulted the claim, that he had not attempted to overcome his default, and that it is foreclosed.  (Id. at 21.)

Movant objects and states that he did not raise this claim on direct appeal because appellate counsel was ineffective and again asserts that he needs grand jury testimony to show that false testimony was given to the grand jury.  (Mov't Resp./Objects ¶ III.G.)  Movant's speculation is insufficient to show that appellate counsel was ineffective for failing to raise on direct appeal a claim of prosecutorial misconduct before the grand jury.  Ground Five is defaulted, and Movant has not overcome his default.

### B.    Ineffective Assistance of Trial Counsel

#### 1.    Ground Seven – Ineffective Assistance of Trial Counsel, Cross Examination

In his § 2255 motion, Movant argued that trial counsel was ineffective in failing to interview government witnesses and properly prepare for cross-examination of those witnesses.  (R&R at 22.)

The Magistrate Judge reviewed the relevant law, (Id. at 22-23), as partially restated here.  To show constitutionally ineffective assistance of counsel, a petitioner must establish that counsel's representation was deficient and that counsel's deficient

representation prejudiced him.  Strickland v. Washington, 466 U.S. 668, 690-92 (1984).  The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice.  Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693) (internal quotation marks omitted).  The Magistrate Judge found as follows –

> Movant's Ground Seven is too general to show prejudice in a manner that establishes constitutionally inadequate representation by his trial counsel.  Movant provides nothing concrete to show that any specific government witness would have talked with the defense.  Movant does not show that counsel would have obtained any knowledge from those interviews that he did not already have.  Further, Movant does not show how counsel would have altered his cross-examination to challenge any specific witness.

(R&R at 24.)

In his objections, Movant lists several witnesses whom he states had assured him that they would testify on Movant's behalf, and Movant objects to "the notion that trial counsel wouldn't have obtained any knowledge from those interviews that he did not already have." (Mov't Resp./Objections ¶ IV.1.)  Movant asserts that trial counsel would have discovered that Fonseca planted evidence, but Movant identifies no particular witness who would have so testified in that regard.  (Id.)

17

The Court agrees with the Magistrate Judge – Movant fails to show prejudice in a manner that establishes constitutionally inadequate representation by trial counsel, and Movant's objections provide nothing concrete that convinces the Court otherwise.

2. **Ground Ten – Ineffective Assistance of Trial Counsel, Acquittal**

In his § 2255 motion, Movant argued that defense counsel was ineffective for failing to seek an acquittal based on insufficient evidence under Fed. R. Crim. P. 29. (See R&R at 26.)  The Magistrate Judge found that Movant's ineffective assistance of trial counsel claim failed under Strickland because Movant did not show prejudice – "[a]bsent an argument showing the specifics that counsel allegedly should have raised, Movant fails to meet his burden of showing that there is a reasonable probability that a Rule 29 motion would have changed the outcome."  (Id. at 27.)

Movant objects and appears to argue that trial counsel should have sought an acquittal on Count One, in accord with Judge Jordan's dissenting opinion in Movant's appeal, in which Judge Jordan stated that he did not think that the evidence on Count One was overwhelming.  (Mov't Resp./Objections ¶ IV); see Whatley, 719 F.3d at 1223.

The Court agrees with the Magistrate Judge, and Movant's objection does persuade the Court otherwise.  In denying a mistrial based on the extrinsic evidence

18

that went to the jury, this Court found as follows – "With respect to Count One, the count regarding which the strongest argument might be made that there was a reasonable possibility of prejudice created by the jurors' exposure to extrinsic information, the evidence of Defendant's guilt that the jury could properly consider still was overwhelming."   (Order of June 23, 2011, at 10, Doc. No. 143.) Notwithstanding Judge Jordan's dissent, this Court's conclusion on the strength of the evidence on Count One was confirmed by the Eleventh Circuit Court of Appeals. See Whatley, 719 F.3d at 1220 ("[T]he evidence introduced by the United States on count one was strong.").

## II.   Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's objections [Doc. No. 203] are **OVERRULED**, that the Magistrate Judge's Final Report and Recommendation [Doc. No. 199] is **ADOPTED** as the Order of this Court, that Movant's motion [Doc. No. 176] to vacate, set aside, or correct his federal sentence is **DENIED**, and that a COA is **DENIED**.

The Clerk of Court is **DIRECTED** to file government exhibits forty-five and forty-six as attachments to this Order.

19

**IT IS SO ORDERED and DIRECTED**, this _19th_ day of _February_ ,
2016.


_Clarence Cooper_
CLARENCE COOPER
UNITED STATES DIST ICT JUDGE

AO 72A
(Rev.8/82)



**Wachovia Bank**

6300 Arbor Place Boulevard, Douglasville, Georgia

GOVERNMENT EXHIBIT

46

1:08-CR-235-CC

PENGAD 800-831-6989



**Wachovia Bank**

**6300 Arbor Place Boulevard, Douglasville, Georgia**

GOVERNMENT EXHIBIT
45
1:08-CR-235-CC
PENGAD 800-631-6989